**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**U.S. BANK TRUST, N.A.,** *as Trustee for*
*LSF9 Master Participation Trust*,

                              **Plaintiff,**

    vs.                                                  **1:17-CV-0358**
                                                             **(MAD/DJS)**

**DAVID N. GUSTAFSON,** *also known as*
David Gustafson; **LEE E. GUSTAFSON,**
*also known as* Lee Gustafson,

                              **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**GROSS POLOWY, LLC**                   **STEVEN ROSENFELD, ESQ.**
1775 Wehrle Drive, Suite 100
Williamsville, New York 14221
Attorney for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff U.S. Bank Trust, N.A. ("Plaintiff"), a national association with its principal place of business in Delaware, commenced this action in its capacity as trustee of the LSF9 Master Participation Trust (the "Trust") on March 30, 2017, pursuant to Article 13 of the New York State Real Property Actions and Proceedings Law ("R.P.A.P.L.") to foreclose a mortgage encumbering 1470 Best Road, East Greenbush, New York 12061, together with the land, buildings, and other improvements located on the property (the "Mortgaged Property"). *See* Dkt. No. 1 at ¶¶ 1-2. Defendants David N. Gustafson and Lee E. Gustafson have not appeared in this action.

    Presently before the Court is Plaintiff's motion for default judgment and for judgment of foreclosure and sale of the Mortgaged Property. *See* Dkt. No. 14.

## II. BACKGROUND

According to the complaint, on October 16, 2009, Defendants executed and delivered a note promising to pay $188,008.00 plus interest to the lender, M & T Bank. *See* Dkt. No. 1 at ¶ 9. Defendants also executed and delivered a mortgage on the Mortgaged Property as security for payment of the note. *See id.* at ¶ 10. The mortgage was subsequently assigned to Plaintiff as a trustee for the Trust. *See id.* at ¶ 14.

Defendants defaulted under the terms of the note and mortgage by failing to tender the monthly payment due on September 1, 2016, and all subsequent monthly payments. *See id.* at ¶ 15. Pursuant to the terms of the note and mortgage, Plaintiff accelerated the payments and declared due the entire amount owed on the note. *See id.* At the time of the complaint, Plaintiff claimed that the Defendants owed a principal balance of $189,622.75 plus interest accruing from August 1, 2016, at a rate of 4.25%. *See id.* at ¶ 17.

On May 19, 2017, Plaintiff requested that the Clerk of the Court enter a certificate of entry of default against all Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Rule 55.1. *See* Dkt. No. 8. On May 22, 2017, the Clerk of the Court entered the requested default. *See* Dkt. No. 9. Plaintiff now moves for default judgment and judgment of foreclosure and sale. *See* Dkt. No. 14.

## III. DISCUSSION

### A. Subject Matter Jurisdiction

Plaintiff asserts federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Dkt. No. 1 at ¶ 7. "Under the standard diversity jurisdiction statute, 28 U.S.C. § 1332(a), there must be 'complete' diversity among the parties, meaning that each defendant must be a citizen of a different state from each plaintiff." *U.S. Bank Tr., N.A. v.*

2

*Dupre*, No. 15-CV-558, 2016 WL 5107123, \*2 (N.D.N.Y. Sept. 20, 2016) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996)).  In this case, however, the complaint does not sufficiently allege Plaintiff's citizenship, and the Court therefore cannot determine whether complete diversity exists.

The complaint attempts to establish Plaintiff's citizenship by asserting that its principal place of business is in Delaware.  *See* Dkt. No. 1 at ¶ 2.  But because Plaintiff is a national banking association, its citizenship is not determined by its principal place of business.  *See U.S. Bank Tr., N.A. v. Monroe*, No. 15-CV-1480, 2017 WL 923326, \*4 (N.D.N.Y. Mar. 8, 2017) ("[T]he Second Circuit has expressly held that the principal place of business is not to be considered when determining the citizenship of a national banking association") (citing *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218-21 (2d Cir. 2016)).  Instead, Plaintiff's citizenship is determined by the location of its main office as designated in its articles of association.  *See Melina*, 827 F.3d at 218 ("The Supreme Court has held unequivocally that a national bank is 'located,' for diversity jurisdiction purposes, in the state designated in its articles of association as the locus of its main office") (citing *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006)).

Further, Plaintiff has commenced this action in its role as trustee for the Trust.

> The rule for determining the diversity citizenship of a trust (when it is the citizenship of the trust itself that matters) depends on the type of trust at issue.  If the trust is a traditional trust, meaning it was established primarily for gift or estate planning purposes, courts have held it takes the citizenship of its trustees without regard to the trust's beneficiaries. . . .  On the other hand . . . business trusts—which are established as an alternative to incorporation and are intended to make a profit-take the citizenships of their beneficiaries.

*Monroe*, 2017 WL 923326, at \*4 (citations omitted).

In the present matter, as in *Monroe*, Plaintiff "has included no allegations concerning the

3

type of trust at issue here, its degree of control over the trust assets, or, alternatively, the citizenships of the trust's beneficiaries." *Id.* at *5. As such, Plaintiff has failed to allege facts sufficient to establish that this Court has subject matter jurisdiction and the complaint is dismissed. *See Receivables Exch., LLC v. Hotton*, No. 11-CV-292, 2011 WL 239865, *1 (E.D.N.Y. Jan. 21, 2011) ("[W]hen a complaint fails to plead subject matter jurisdiction, the Court is obligated to dismiss it *sua sponte*") (citing Fed. R. Civ. P. 12(h)(3)) (other citations omitted).

**B.   Conduct of Counsel**

Gross Polowy, LLC—the law firm representing Plaintiff—should be well aware of the requirements for pleading the citizenship of a national banking association. Gross Polowy has had multiple default judgment motions denied for failure to properly allege the citizenship of a national banking association or the nature of the relevant trust. *See, e.g.*, *U.S. Bank Tr., N.A. for LSF9 Master Participation Tr. v. Licata*, No. 17-CV-6037, 2017 WL 2671421, *2 (W.D.N.Y. June 21, 2017); *U.S. Bank Tr., N.A. for LSF9 Master Participation Tr. v. Gross*, 255 F. Supp. 3d 427, 431 (W.D.N.Y. 2017); *Wells Fargo Bank, N.A. v. Paul*, No. 16 CV 0665, 2017 WL 2116529, *2 (N.D.N.Y. May 15, 2017); *Monroe*, 2017 WL 923326, at *4; *U.S. Bank Tr., N.A. v. Dupre*, No. 15-CV-558, 2016 WL 5107123, *3 (N.D.N.Y. Sept. 20, 2016). Less than one year ago, Judge Michael Telesca warned Gross Polowy to be cognizant of Federal Rule of Civil Procedure 11 "when filing any future pleadings, especially in light of the numerous warnings they have been provided by this Court and others." *Licata*, 2017 WL 2671421, at *2; *see also Paul*, 2017 WL 2116529, at *3 (noting that Gross Polowy has repeatedly been told of this jurisdictional defect); *Monroe*, 2017 WL 923326, at *4 n.3 (stating that "Gross Polowy should be aware of this rule because they were 'foreclosure counsel' for the plaintiff-appellee in *Melina*['s]" district court

4

proceeding). Despite these repeated warnings, Gross Polowy continues to file jurisdictionally defective foreclosure complaints.

Additionally, although Plaintiff's application for attorney's fees will not be considered in this decision, the Court will nevertheless address defects with Gross Polowy's attorney fee application. "The law in this circuit is that no award for attorneys' fees is appropriate where the attorney failed to maintain contemporaneous time records." *Kottwitz v. Colvin*, 114 F. Supp. 3d 145, 150 (S.D.N.Y. 2015) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). This is "a strict rule from which attorneys may deviate only in the rarest of cases." *Scott v. New York City*, 626 F.3d 130, 133 (2d Cir. 2010). "[C]ourts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirements that 'attorney's fees must be based on contemporaneous time records specifying relevant dates, time spent and work done[.]'" *OneWest Bank, N.A. v. Denham*, No. 14-CV-5529, 2015 WL 5562980, *10 (E.D.N.Y. Aug. 31, 2015) (denying Gross Polowy attorney's fees) (quoting *OneWest Bank, N.A. v. Cole*, No. 14-CV-3078, 2015 WL 4429014, *6 (E.D.N.Y. July 17, 2015)).

Gross Polowy has been repeatedly admonished for its fee declarations. *See, e.g.*, *Nationstar Mortg. LLC v. Atanas*, 285 F. Supp. 3d 618, 625 (W.D.N.Y. 2018); *Gross*, 255 F. Supp. 3d 427; *Monroe*, 2017 WL 923326, at *1 n.1; *U.S. Bank Tr., N.A. v. Dingman*, No. 16-CV-1384, 2016 WL 6902480, *6 & n.16 (S.D.N.Y. Nov. 22, 2016); *OneWest Bank, N.A. v. Vaval*, No. 14-CV-3437, 2016 WL 3945342, *4 (E.D.N.Y. July 19, 2016); *CIT Bank, N.A. v. Dambra*, No. 14-CV-3951, 2015 WL 7422348, *8-*9 (E.D.N.Y. Sept. 25, 2015); *Denham*, 2015 WL 5562980, at *13; *Cole*, 2015 WL 4429014, at *6; *OneWest Bank, N.A. v. Shepherd*, No. 13-CV-1104, 2015 WL 1957284, *1 (N.D.N.Y. Apr. 29, 2015). In *Monroe*, Judge Lawrence

5

Kahn explicitly instructed Gross Polowy "not to include requests for attorney's fees in any subsequent motion for default judgment that are prohibited by Second Circuit law." *Monroe*, 2017 WL 923326, at *1 n.1.  In spite of this instruction, Gross Polowy's attorney fee declaration remains unchanged.  *Compare* Dkt. No. 15-5 at 2 ("Because this office charges a flat fee for foreclosure work, individual time sheets are not maintained") *with Monroe*, 2017 WL 923326, at *1 n.1 (identifying the same language as problematic).  Further, the fee declaration also includes other practices that Gross Polowy has repeatedly been reprimanded for, such as failing to identify the attorneys who performed the described work; not noting when the work was actually performed; and prospectively billing for work that has not yet been performed.  *Compare* Dkt. No. 15-5 at 2-4 *with Atanas*, 285 F. Supp. 3d at 624-25 (collecting decisions that found defects in Gross Polowy's fee declarations).

Gross Polowy has been informed of these defects *ad nauseam* and yet continues to file complaints in federal court that are both jurisdictionally and substantively deficient.  Despite these instructions and the firm's proclaimed "experience[ ] in bringing foreclosure actions for clients in New York State and federal court," they continue to waste the Court's time.  The Court will no longer tolerate such a gross disregard of its own orders and the basic requirements of Rule 11.  As these explicit admonitions appear to have had no effect on Gross Polowy's conduct, the Court must take further action.  *See Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 133-34 (2d Cir. 2004).  Therefore, Plaintiff's counsel, Steven Rosenfeld, along with Adam Gross, Amy E. Polowy, and Nicole C. Gazzo are ordered to appear, in person, before this Court and show cause why they should not be sanctioned either under Rule 11 or the Court's inherent power for the

conduct set forth above.[1] *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1225 (11th Cir. 2017); *U.S. Bank Nat. Ass'n, N.D. v. Sullivan-Moore*, 406 F.3d 465, 470-72 (7th Cir. 2005) (affirming the district court's *sua sponte* imposition of sanctions against a mortgage foreclosure firm under Rule 11 and 28 U.S.C. § 1927 requiring the entire firm and those joining the firm within two years to attend or view a sixteen-hour course in federal subject matter jurisdiction where the firm's negligent and reckless conduct in the case that was then before the court was "indicative of a larger pattern of violations of the rules of civil procedure").

## IV. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED**; and the Court further

**ORDERS** that, if Plaintiff wishes to continue this action in federal court, it must file an amended complaint within **TWENTY (20) DAYS** of the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within **TWENTY (20) DAYS** of the date of this Memorandum-Decision and Order, the Clerk of the Court shall enter judgment and close this case, without further order of this Court; and the Court further

**ORDERS** that Steven Rosenfeld, Adam Gross, Amy E. Polowy, and Nicole C. Gazzo are to appear before this Court on **August 10, 2018** at **9:30 a.m.** and show cause why sanctions should not be imposed; and the Court further

---

[1] These four attorneys have been ordered to appear because of their direct relation to the case or because of their identified position within the law firm. Steven Rosenfeld is Plaintiff's attorney of record. Amy E. Polowy and Adam Gross are the only identified partners of Gross Polowy, LLC. Finally, Nicole C. Gazzo is identified as the "Managing Attorney - Foreclosure & Bankruptcy Williamsville Office."

7

**ORDERS** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 4, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge